# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI LEIGH PHILLIPS, | No. 4:18-CV-01672 |
| Plaintiff, | (Judge Brann) |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

### DECEMBER 17, 2018

State Farm Mutual Automobile Insurance Company ("State Farm") moved to partially dismiss the complaint filed by Toni Leigh Phillips. For the following reasons, State Farm's motion will be granted.

## I. BACKGROUND[1]

After Ms. Phillips was involved in a car accident, she filed a claim with her auto insurer, State Farm. Her auto insurance policy provided her with, among other types of coverage, $100,000 in first-party, no-fault medical benefits and required State Farm to pay for medical expenses arising out of the use of her car.

---

[1] This Court derives relevant factual background from Ms. Phillips' complaint, *see* Complaint (ECF No. 1-2).

Ms. Phillips states that after seeking to recover certain medical benefits, State Farm has failed to pay for some of her claims.

Ms. Phillips filed a four-count complaint against State Farm in the Luzerne County Court of Common Pleas, and State Farm removed the case to the Middle District of Pennsylvania.[2] Ms. Phillips alleges that State Farm violated 75 P.a.C.S. § 1716 by failing to pay first-party benefits (Count I), breached the insurance contract by failing to pay those first-party benefits (Count II), acted in bad faith (Count III), and breached the insurance contract by failing to pay underinsured motorist benefits (Count IV).[3]

Currently pending before the Court is State Farm's motion to dismiss Ms. Phillips complaint for failure to state a claim upon which relief can be granted.[4] First, State Farm seeks dismissal of Count III, arguing that Ms. Phillips failed to plead a bad faith claim. Second, State Farm seeks dismissal of Ms. Phillips' demand for attorney's fees as part of her Count II breach of contract claim, alleging attorney's fees are not recoverable in such a claim.

---

[2] Complaint (ECF No. 1-2), Notice of Removal (ECF No. 1).
[3] Complaint (ECF No. 1-2).
[4] Motion to Dismiss (ECF No. 3).

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[5] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[6] the court does not, however, assume the truth of any of the complaint's legal conclusions.[7] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[8]

### B. Bad Faith

To prevail on a bad faith claim pursuant to 42 Pa.C.S.A. § 8371, a plaintiff must "present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."[9]

---

[5] Federal Rule of Civil Procedure 12(b)(6).

[6] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

[9] *Rancosky v. Washington National Insurance Co.*, 170 A.3d 364, 377 (Pa. 2017); *accord Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 543 (3d Cir. 2012).

Here, Ms. Phillips has not alleged facts upon which she can prevail on her bad faith claim.[10] Construing the complaint in Ms. Phillips' favor,[11] she seems to suggest that, because State Farm relied upon an independent medical examination that contravened opinions conveyed by Ms. Phillips' treating physicians, State Farm lacked a reasonable basis to deny her medical benefits.[12] It is well-settled that, when making a claim determination, an insurer may reasonably rely on the findings of an independent medical examination—"even in the face of contrary medical opinions."[13] To the extent Ms. Phillips alleges that State Farm improperly favored the independent medical examination's conclusions over that of Ms. Phillips' own treating physicians, "an insurer is not required to give greater credence to opinions of treating medical providers."[14] And to the extent relying on the independent medical examination amounted to bad judgment or negligence,

---

[10] *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (explaining that an insurer defeats a plaintiff's bad faith claim by showing that it had a reasonable basis to deny the claim).

[11] *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

[12] *See* Complaint (ECF No. 1-2) at 21-26.

[13] *Neal v. State Farm Mut. Auto. Ins. Co.*, No. 1:13–cv–02309, 2015 WL 2250153, at *5 (M.D.Pa. May 12, 2015) (citing *Wedemeyer v. U .S. Life Ins. Co. In City of New York,* No. 05–6263, 2007 WL 710290, at *10 (E.D.Pa. Mar. 6, 2007); *Seidman v. Minnesota Mut. Life Ins. Co.,* 40 F.Supp.2d 590 (E.D.Pa.1997)); *see also* J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.2d 356, 367-68 (3d Cir. 2004) (explaining that to defeat a bad faith claim, an insurer must know that it had a reasonable basis to make a coverage decision based on information available at the time the decision was made).

[14] *Wedemeyer*, 2007 WL 710290, at *10 ("[A]n insurer is not required to give greater credence to opinions of treating medical providers."); *Seidman,* 40 F.Supp.2d at 594.

Pennsylvania courts have made clear that bad judgment or negligence does not equate to bad faith.[15]

Additionally, it appears Ms. Phillips attempts to fold a violation of the implied covenant of good faith and fair dealing into her statutory bad faith claim.[16] Such an attempt fails because "Pennsylvania does not recognize a common law remedy for an insurer's bad faith actions."[17]

Accordingly, because Ms. Phillips has not "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of her bad faith claim, Count III must be dismissed.[18] That dismissal, however, will be without prejudice, and Ms. Phillips will be granted leave to amend this claim to correct the identified deficiencies, if possible.

### C. Attorney's Fees

Under Pennsylvania law, attorney's fees are recoverable only when authorized by statute, when authorized by agreement among the parties, or when some other exception applies.[19] Although Ms. Phillips correctly argues that she may recover attorney's fees under Count I of her complaint because she alleges a

---

[15] *Post*, 691 F.3d at 543; *Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

[16] *See* Complaint (ECF No. 1-2) at ¶ 64.

[17] *Shea v. USAA*, No. 17-4455, 2018 WL 3575261, at *6 (July 25, 2018) (citing *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 372 (Pa. 2017)).

[18] *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 147 (3d Cir. 2014).

[19] *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 300-01 (Pa. 1975).

violation of 75 Pa.C.S. § 1716 and that statute expressly provides for attorney fee awards, she points this Court to no authority suggesting that attorney's fees are recoverable in a breach of contract claim. Accordingly, her claim for attorney's fees as part of Count II of her complaint must be dismissed. That dismissal, however, will also be without prejudice, and Ms. Phillips will again be granted leave to amend this claim to correct the identified deficiency, if possible.

## III. CONCLUSION

For the reasons discussed above, State Farm's motion to dismiss will be granted.[20] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20] I respectfully point both parties to the Local Rules of this Court. In particular, Local Rule 7.8(a) requires parties to attach copies of the unpublished opinions to which they cite. Local Rule 7.8(b) states, among other requirements, that briefs must not exceed fifteen pages without prior authorization. Any subsequent document filed by the parties not in compliance with these or any of the Local Rules will be stricken from the record.